YING CHEN, Petitioner,

v.

Michael B. **MUKASEY**, United States Attorney General, Respondent.

No. 08–2874–ag.

United States Court of Appeals, Second Circuit.

Jan. 9, 2009.

Ying Chen, pro se, Vista, California.

Gregory G. Katsas, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ying Chen, a native and citizen of the People's Republic of China, seeks review of a May 20, 2008 order of the BIA affirming the July 6, 2007 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, which denied her motion to reopen. *In re Ying Chen,* No. A73 044 186 (B.I.A. May 20, 2008), *aff'g* No. A73 044 186 (Immig. Ct. N.Y. City July 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006).

We find that the agency did not abuse its discretion in denying Chen's motion to reopen as untimely. An alien seeking to reopen proceedings must file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.23(b)(1). There is no dispute that Chen's May 2007 motion to reopen was untimely where the IJ issued a final order of deportation in May 1997. *See id.* There is no time limit for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.23(b)(4)(i). Here, however, the agency properly found that Chen's motion did not qualify for such an exception.

It is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China, *see Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in

country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen), and failed to submit any evidence demonstrating that country conditions in China had changed. 8 C.F.R. § 1003.23(b)(4)(i).

Moreover, Chen's additional arguments are without merit. Contrary to Chen's assertion that the agency erred in failing to consider the reopening of her husband's deportation proceedings, the BIA reasonably considered those proceedings where it noted that her husband could file a visa petition on her behalf in the event that he is granted asylum. Chen has also not articulated how she was prejudiced by the agency's failure to prepare a transcript of a hearing in her underlying deportation proceedings where her claim in those proceedings was unrelated to the claims she has raised in her motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).